## COUNTY OF HANCOCK.

---

### BUCK *versus* SPOFFORD.

Neither a written submission or an award can be explained or varied by parol testimony.

But a party may show, by parol, what controverted matters were laid before the referees and acted upon by them.

The referees are competent witnesses upon those points.

In *assumpsit* between tenants in common of real estate, under a submission by rule of Court, the referees have authority, if the question be presented by the parties, to award that one of them shall convey to the other real estate, the ownership of which had been in dispute between them.

An acceptance by the Court of such an award constitutes a valid judgment.

After such an award, and judgment in favor of the plaintiff, both parties continued to claim the land. It was then sold, and its avails lodged with a depositary, and the parties agreed, *in writing*, that the title should be litigated in an assumpsit suit between themselves ; the defendant consenting to have the money considered as if in his hands : —

*Held*, that this agreement did not preclude the defendant from relying upon the former judgment : —

*Held*, also, that a decision giving effect to that judgment, as a bar to the suit, is a decision upon the " merits" of the case.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.
ASSUMPSIT.

At the trial, it appeared that a mortgage of a township of land had been made to the defendant, to secure debts due partly to himself, and partly to others, and that he foreclosed the mortgage. The plaintiff claimed an equitable interest in the land, to the extent of three sixteenths of it, and required a conveyance of that proportion.

But the defendants contended that the plaintiff's interest was only three twentieths; the difference being three eightieths. Afterwards, in a suit between the parties, brought by the plaintiff, they, by a rule of Court, submitted that suit and all demands, to the determination of referees, who, as required by the submission, made two distinct awards on separate matters. Among other things, they awarded, that the defendants should convey by quitclaim deed to the plaintiff, *three twentieths* of the land, and the awards were accepted at October term of the Court, 1848.

In 1849, an opportunity occurred for selling the township. The plaintiff still insisted that his ownership was three sixteenths, and declined to join in the sale, unless allowed that proportion of the avails.

In order, however, that the chance of selling should not be lost, it was arranged that all should join in a conveyance, leaving the dispute as to the three eightieths, to be subsequently adjusted, upon stipulations contained in a written contract, marked D, between these parties. The conveyance of the township was accordingly made by a joint deed of all the owners, the plaintiff therein warranting three sixteenths.

The said contract between these parties was substantially as follows : —

" Whereas three eightieth parts of said township are in dispute between the said Spofford and Buck, each claiming a legal **or** equitable title to the same ; and whereas, in the sale of said township, the consideration for said three eightieths amounted to the sum of five hundred sixty-two dollars and fifty cents: —

" Now, therefore, said Spofford on his part agrees, that the said sum of five hundred sixty-two dollars and fifty cents, when paid, shall be lodged in the hands of Bliss Blodgett, to be held by him and appropriated as hereinafter expressed.

" And the said Buck, on his part, agrees that within one year he will commence an action for money had and received against said Spofford in our Supreme Judicial Court, and as speedily as possible prosecute the same to final judgment.

"And said Spofford further agrees that, on the trial of said action, he will admit the said sum of five hundred and sixty-two dollars and fifty cents to be in his hands, and justly and equitably due to said Buck, provided he, said Buck, on said trial shall prove that he, at the time of his and others' conveyance aforesaid, was legally or equitably entitled to the said three eightieth parts of said township, and shall establish his claim thereto by a judgment of said Court, and that he, said Spofford, will not object to the form of said action, nor to said Buck offering therein, evidence to substantiate his legal or equitable claim as aforesaid.

"And said Buck further agrees, that provided he shall recover said sum of five hundred and sixty-two dollars and fifty cents debt, of said Spofford, in the action aforesaid, he will not enforce the judgment or execution therefor, against him, but discharge the same on payment of costs in said execution taxed, and look to said Blodgett for the debt, as deposited as aforesaid in his hands, who shall be authorized to pay the same over to said Buck, and said Buck also agrees, that on said trial, said Spofford may offer any evidence in reduction of said sum, and if reduced, the said reduction shall be paid over to said Spofford by said Blodgett; and if he, said Buck, shall fail to commence his suit as aforesaid, or having commenced the same shall fail to maintain it, then said Blodgett shall be authorized to pay over said amount in his hands to said Spofford.

"And it is further agreed, if for cause, the Court should dispose of said action without an opportunity to try the merits, then in such event, said Buck may at any time thereafter

within six weeks commence another action, and said funds shall remain as aforesaid to wait the event of such suit.

This action is assumpsit for money had and received.

After introducing said contract D, the plaintiff was proceeding to show that when the joint deed was made, he had a legal or equitable title to the three eightieths of the township.

The counsel for the defendant, for the sake of saving time, stated his defence; it was thereupon agreed that the case should be reported upon the plaintiff's evidence already introduced, and such as the defendant should offer.

The defendant then introduced the record of the former suit including the said submission, awards and judgment thereon; and also, subject to objection, the depositions of two of the referees. These depositions show that, before the referees, the plaintiff insisted upon a right to three sixteenths of the township, but that they decided him to be entitled, not to three sixteenths, but to three twentieths. The plaintiff admits that whatever title he has to any part of the township, accrued before the commencement of the former suit.

If this defence is a bar to the plaintiff's action, a nonsuit is to be entered; otherwise the case is to stand for trial.

*Herbert*, for the plaintiff.

The agreement admits the sum of $562,50 in hands of defendant, and that it belongs to the plaintiff justly and equitably on a certain contingency; viz., provided the plaintiff shall on the trial of this action prove that he, at the time of the execution of the said agreement, was legally or equitably entitled to three eightieths of said township, and shall establish his claim thereto by judgment of this Court.

The plaintiff was proceeding to introduce evidence of his legal and equitable title, as provided for in said agreement D, when the defendant substantially interposed the objection that the matter was *res adjudicata*. This course is in direct conflict with the letter and spirit of the contract.

The plaintiff's depositions were inadmissible, as tending to vary or explain the supposed award. *Lufkin* v. *Field*, 6

Met. 287, 289; *Barlow* v. *Todd*, 3 Johns. 367; *Delery* v. *Stanton*, 9 Johns. 38; *Efner* v. *Shaw*, 2 Wend. 567; 2 Greenl. Ev. § 74.

But the defendant introduced what purports, as he contends, to be the copy of a judgment.

If the copy be a copy of a valid judgment, then the award and other papers are inadmissible, being merged in the judgment.

Is there a valid judgment?

What are its forms and requisites?

They are interlocutory or final. An interlocutory judgment is not evidence of any fact, except of the progress of the suit, and cannot operate beyond that point.

The final judgment operates as evidence, and is binding on the parties, if duly entered up, recorded and proved.

In order to its admission as evidence, it must be —

1st. Final.

2d. On assessment of damages, if for plaintiff.

3d. It should appear that the Court, upon some assessment, duly entered the judgment in words following, " it is therefore considered by the Court that the plaintiff recover the sum of ———," according to the usual form. *Jarvis* v. *Blanchard*, 6 Mass. 4—5.

The copy is not of a valid judgment, finally disposing of the case, awarding damages and costs.

It is but an interlocutory order or judgment, spread upon the record, and its introduction bars the assumption that any *final* judgment was ever entered up. Howe's Practice, 265.

If there be no final judgment, the preliminary papers are not evidence and certainly are not conclusive as an estoppel. 1 Greenl. Ev. § 529 ; *Holt* v. *Miers*, 9 C. & P. 191.

And why does no judgment appear in this case? The answer is apparent. There is no power in this Court on the award, either to render judgment or to order execution, or to decree specific performance. The Court has no jurisdiction of the awards, and that being apparent by an inspection of the record, it will be treated as a nullity, even if in other re-

spects in due form and final. *Granger* v. *Clark*, 22 Maine, 128, 130.

The Court appears to have exhausted its jurisdiction in accepting the report.

The action was assumpsit. The Court had no power to accept an award, fixing the title to real estate. The error or mistake appears to be in the improvident acceptance of a report, where there was no jurisdiction, and where no judgment could be rendered.

Had the fact come to the knowledge of the Court, that the report required the execution of a deed, the report would have been accepted *pro tanto*, for the Court would not have attempted what it could not enforce.

But even admitting that there be a valid award and even a valid judgment, or both; what then is the aspect of the case?

Does not the party place himself by his counsel before this Court, doing violence to his own contract?

Has he not agreed not to do the very act which he is now substantially doing?

Does he not object to the introduction of testimony to support the legal and equitable claims of the plaintiff under the agreement?

Was not the trial of the merits the object of the parties, and was it not the very gist of the agreement?

The parties in the agreement went so far that, if a trial was not had on the merits in this suit, a new suit is to be instituted.

By this agreement even if there be an award and judgment in every respect valid, the defendant has on good consideration bargained them away as a bar to the merits on this suit.

The judgment or award is an estoppel available to the *plaintiff*, if to any one, and if a man may waive his right to an estoppel as a bar to the merits, by implication, how much more by special agreement. *Howard* v. *Mitchell*, 14 Mass. 243; *Adams* v. *Barnes*, 17 Mass. 365; 1 Saunders, 325, note 4, note d, Philad. ed., 1846.

The plea being the general issue, the case should go to the jury. *Doe* v. *Haddock*, 26 Cr. M. & R. 316; *Voglet* v. *Unch*, 2 B. & A. 668; *Stafford* v. *Clark*, 2 Bing. 377.

A man can bargain off his whole title; why may he not on good consideration bargain off an estoppel, which is but evidence of title, and " evidence of questionable character?"

The circumstances of the case show an agreement of the parties to open the whole merits of the case.

If a party may lose the benefit of an estoppel by the form of his plea, how much more by his contract.

*J. A. Peters*, for the defendant.

SHEPLEY, C. J. — The plaintiff claimed a legal or equitable interest in lands in township numbered 5, in the eighth range west of the east line of the State. It is admitted, that whatever claim he had, accrued before the commencement of a former suit between the parties. While that suit was pending, the parties agreed upon a reference of it and of " all demands between them," and an entry thereof was made upon the docket of this Court during its session in July, 1847. The specification of his demands contained a claim for his share of all moneys received by the defendant and for lumber taken from the township; and for the plaintiff's interest in a contract made with Perley, and that defendant should release to him any supposed title to any portion of the township, which might in equity belong to the plaintiff.

It appears from a copy of the submission, awards, judgment and testimony of two referees, that the whole of the subject matter of this suit was embraced in the submission and awards made in that suit, and that the referees considered and decided upon it, and that judgment was entered upon those awards.

It is insisted that the testimony of the two referees is not legally admissible to identify the matters submitted, and to prove that they acted upon them. The objection cannot prevail. *Woodbury* v. *Northy*, 3 Greenl. 85; *Bixby* v. *Whitney*, 5 Greenl. 192; 2 Greenl. Ev. § 78. The authorities

cited do not decide otherwise. They do decide, that a written submission or award cannot be explained or varied by parole testimony.

The judgment in the former suit will be conclusive upon the rights of the parties, unless its effect has been impaired or waived by their contract made on October 3, 1849. The plaintiff, subsequent to that judgment, appears to have continued to claim a greater interest in that township than was awarded to him, and the agreement was made to secure to him, whatever rights he might have, as an inducement to join in a conveyance. It recites, that "three eightieth parts of said township are in dispute between the said Spofford and Buck, each claiming a legal or equitable title to the same." They agree that a certain sum was received for the part in dispute ; and that an action might be commenced to obtain a decision upon the rights of the parties.

The defendant agrees, that the sum so received, shall be considered as justly and equitably due to the plaintiff, provided he shall on trial " prove that he at the time of his and others' conveyance aforesaid, was legally or equitably entitled to the said three eightieth parts of said township." Here is no consent, that the plaintiff should be entitled to maintain this suit by proof that he had such a title at some former time. It requires the title to be established as existing at the time of the conveyance. There is no language from which a waiver of any existing right can be inferred. The clause securing to the plaintiff the right to " offer any evidence in reduction of said sum," could only have the effect to preserve to him such right in case he should fail to establish a complete and full defence.

The clause providing, that a new action may be commenced, if this should be disposed of " without an opportunity to try the merits," cannot deprive the defendant of the right to present the former judgment as a bar. When an action is defeated by proof, that the subject matter of it has been already decided by a valid judgment existing between the parties, the decision is made upon the merits.

The contract did not provide, that an action should be maintained to carry into effect so much of an award in the former action as required the defendant to release to the plaintiff all right to three twentieth parts of the title derived from the foreclosure of a mortgage. Respecting that right, there does not appear to have been at any time any dispute. The claim of the plaintiff to the three eightieth parts, appears to have been in addition to the claim of the three twentieth parts. *Plaintiff nonsuit.*

TENNEY, RICE and HATHAWAY, J. J., concurred.