## WALGREEN DRUG STORES et al. v. SCRUGGS DRUG STORE, Inc.

### In re WHITLEY.

### No. 4925.

Circuit Court of Appeals, Fourth Circuit.

July 18, 1942.

Frank M. Parker and Charles G. Lee, Jr., both of Asheville, N. C. (Lee & Lee, Parker, Bernard & Parker, and T. C. Smith, Jr., all of Asheville, N.C., on the brief), for appellants.

J. Y. Jordan, Jr., of Asheville, N. C., for appellee.

Before PARKER, and SOPER, Circuit Judges, and TIMMERMAN, District Judge.

TIMMERMAN, District Judge.

J. R. Whitley, trading as Economy Drug Company, was adjudicated a bankrupt February 11, 1939, in the Asheville Division of the United States District Court for the Western District of North Carolina.

It is unnecessary, for the purpose hereof, to narrate the tedious details leading up to the adjudication or all of the numerous proceedings had in the bankruptcy court after adjudication. It is sufficient to say that, in the course of the administration of this estate in the bankruptcy court, a Special Master was appointed by the Court "to take testimony and report his findings of

fact thereon, together with his conclusions of law with regard to certain claims of creditors, to-wit, Scruggs Drug Store, Inc., and others", (findings of fact and judgment filed November 17, 1939); that the Special Master took the testimony and filed his findings of fact and conclusions of law June 3, 1939; that certain exceptions to the Master's Report were taken by parties in interest, which were heard by the District Judge; and that the District Judge filed his findings of fact and judgment November 17, 1939.

In due course, the Trustee of the bankrupt estate and Liquid Carbonic Corporation, a creditor, filed notice of an appeal to this Court "from the final judgment of His Honor E. Y. Webb, United States District Judge for the Western District of North Carolina, entered herein on the 17th day of November, 1939, on exceptions and petition for review of a report of F. W. Thomas, Special Master, on the validity, priority, etc., of the deed in trust of Scruggs Drug Store, Incorporated, and conditional sale contracts of Liquid Carbonic Corporation, the said final judgment being in favor of Scruggs Drug Store, Incorporated."

The appeal was perfected but before it was heard, on June 17, 1940, the Trustee entered a motion before this Court to dismiss the appeal as to himself, for the reason: "That the Trustee had no funds for printing records and briefs, his Honor, Judge Webb, having directed that all the funds in his hands as trustee for said bankrupt should be delivered to Scruggs Drug Store, Inc., and that it was felt inexpedient to ask the bankrupt's general creditors, about one hundred in number, for funds necessary to prosecute this appeal."

The motion to dismiss was granted and the appeal thereupon was prosecuted by the other appellant, Liquid Carbonic Corporation. The opinion resulting from this appeal was filed August 14, 1940. Hunter v. Scruggs Drug Store, 4 Cir., 113 F.2d 971. We were unable to make a final decision of the controversy, then confined to the Scruggs Drug Store, Inc., and the Liquid Carbonic Corporation, because of the unsatisfactory condition of the record, and therefore remanded the case for further proceedings. Thereafter, all matters in controversy between these parties were amicably settled and adjusted.

Subsequently, on July 21, 1941, more than 1 year and 8 months after Judge Webb's decree, and more than 11 months after the filing of the opinion in Hunter v. Scruggs Drug Store, supra, the present appellants filed a motion for a rehearing on the issues settled in the decree initially appealed from. Judge Webb entered an order on November 7, 1941, denying a rehearing, saying, inter alia: "The Court, in its discretion, denies the petition and overrules the motion of petitioners and grants the motion to dismiss heretofore filed by Scruggs Drug Store, Inc., the respondent herein."

This appeal is from the refusal of Judge Webb to grant a rehearing as prayed for and to change or revise his first decree entered almost two years before.

 Undoubtedly the District Court "has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action." Wayne Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557. However, a litigant has no absolute right to a rehearing simply because he asks for one, for as said in Wayne Gas Co. v. Owens-Illinois Co., supra, 300 U.S. at page 137, 57 S.Ct. at page 385, 81 L.Ed. 557: "The granting of a rehearing is within the court's sound discretion, and a refusal to entertain a motion therefor, or the refusal of the motion, if entertained, is not the subject of appeal."

In the last case cited, the Court further said: "Where it appears that a rehearing has been granted only for that purpose [to extend the time for appeal] the appeal must be dismissed."

See: In re Stearns & White Co., 7 Cir., 295 F. 833; Bonner v. Potterf, 10 Cir., 47 F.2d 852, 855; United States v. East, 8 Cir., 80 F.2d 134, 135.

██ Of course a bona fide motion for a rehearing, made seasonably and without undue delay, could be granted by the Court in the exercise of a wise discretion, and the resultant decision on the questions involved would be appealable, but here the creditors prosecuting the motion for a rehearing did not make themselves parties to the first appeal as they might have done, nor did they take any affirmative action to protect themselves against the claimed adverse effect of the decree of November 17, 1939, until almost one year after the opinion in the first appeal had been filed (Hunter v. Scruggs Drug Store, supra), and after the rights of some of the parties in interest may have vested on the faith of the Court's action for all that the record discloses.

■ There being no sufficient showing that the District Judge abused his discretion in refusing the motion for a rehearing, it is unnecessary to pass on the other points made by the appeal.

Appeal dismissed.