In re CHICAGO, M., ST. P. & P. R. CO.

ABRAMS et al. v. SCANDRETT et al.

Nos. 7529, 7537.

Circuit Court of Appeals, Seventh Circuit.

March 22, 1943.

For former opinion, see 121 F.2d 371, which affirmed 36 F.Supp. 193.

Meyer Abrams, of Chicago, Ill., F. C. Nicodemus, Jr., and A. Perry Osborn, both of New York City, and Henry Gardner and Helen W. Munsert, both of Chicago, Ill., for appellants.

Fred N. Oliver, of New York City, Kenneth F. Burgess, Douglas F. Smith, and Geo. Ragland, Jr., all of Chicago, Ill., Edwin S. S. Sunderland, Thos. O'G. Fitzgibbon, and Geo. J. Miller, all of New York City, and Henry F. Tenney, Roger R. Leech, C. S. Jefferson, A. N. Whitlock, and M. L. Bluhm, all of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

PER CURIAM.

In these appeals the court rendered an opinion on May 20, 1941, and the Supreme Court denied certiorari on November 10, 1941, and it appearing that on February 17, 1943, the appellants filed a petition for leave to file a Bill of Review or, in the alternative, to treat the petition as a petition for rehearing, and that on February 18, 1943, the court denied the prayer of the petition on the ground that it was without jurisdiction of the subject-matter.

It further appears that the appellants in their petition claim that in the opinion of May 20, 1941, this court misconstrued the statute in holding that the District Court was without jurisdiction to review the maximum allowance of "nothing", citing Reconstruction Finance Corp. v. Bankers Trust Co., 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. ——, decided by the Supreme Court on February 8, 1943, in which the Supreme Court said this Court erred in holding that the maximum fixed by the Commission is, in all circumstances, binding and unalterable.

It further appears that after the appellants had filed objections to the report of the Commission, the District Court refused to examine the evidence on the theory that no matter what the evidence showed, the court was powerless to set aside the findings.

Since the proceedings and orders of a bankruptcy court are interlocutory

until entry of the discharge, Meyer **v.** Kenmore, etc., Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; Shulman v. Wilson, etc., Co., 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986; American United L. Ins. Co. v. Haines City, 5 Cir., 117 F.2d 574, and may be modified and rescinded before final decree, Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, and if no intervening rights will be prejudiced, the court may grant a rehearing, Wayne Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557. No intervening rights being prejudiced, it is therefore adjudged that the order of February 18, 1943, be and the same is hereby vacated, a rehearing is hereby granted, the mandate heretofore issued is recalled, and the cause is reversed and remanded to the District Court with directions to examine the evidence and determine whether it supports the Commission's findings.