HUDDLESTON ET AL. *v.* DWYER ET AL.

No. 628. Argued April 25, 1944.—Decided May 15, 1944.

*Mr. William E. Davis,* with whom *Messrs. Joseph R. Brown* and *Frank H. Moore* were on the brief, for petitioners.

*Mr. William L. Curtis* submitted for respondents.

PER CURIAM.

Respondents are owners of defaulted paving bonds issued by the City of Poteau in Le Flore County, Oklahoma, the bonds being secured by assessments for benefits, payable in ten annual installments, upon the property in two improvement districts established by the city, including certain lots owned by the county, and others belonging to the city, which it later conveyed to the county. Respondents brought suit in 1937 in the District Court for Eastern Oklahoma, against the county, its Board of Commissioners and other officers of the county and city, alleging diversity of citizenship, and seeking a judgment fixing the county's liability under state law for the assessments and asking mandamus to compel a tax levy by the county officials for the payment of the overdue assessments, and other relief.

The District Court dismissed the complaint. The Circuit Court of Appeals for the Tenth Circuit reversed and remanded the cause to the District Court with directions to determine the amounts due on the respective assessments against the lots in question, and in the event of failure to provide funds for the payment of the judgment, then to entertain jurisdiction in an ancillary proceeding in mandamus to compel the necessary tax levies. *Dwyer* v. *Le Flore County,* 97 F. 2d 823. The District Court entered judgment accordingly, retaining jurisdiction for such action as might be necessary to effectuate the judgment.

No funds having been provided for payment of the overdue assessments, respondents brought the present proceeding in the District Court for mandamus, to compel petitioners, County Commissioners and other county officers, to make the tax levies necessary for payment of the amounts adjudged to be due. The District Court gave judgment for mandamus, in effect directing petitioners, beginning with the fiscal year 1942-3, to make ten annual levies in connection with the county general fund levies, sufficient to pay successively the ten assessment installments which became due and payable in the years 1925 to 1934 inclusive, with interest at 12% from the due date of the annual installments until August 13, 1937, the date when the complaint was filed, and thereafter with interest at the rate of 6% per annum upon the aggregate of such installments and interest already accrued.

One of the defenses to the petition for mandamus in the District Court was that under Oklahoma law a county is without authority to levy and collect a tax in one year to pay improvement assessments which became due in an earlier year. This defense was urged on appeal to the Circuit Court of Appeals which overruled it and affirmed the judgment of the District Court, 137 F. 2d 383, after an examination of the Oklahoma authorities, including *Independent School District No. 39* v. *Exchange National Co.,* 164 Okla. 176, 23 P. 2d 210; *First National Bank* v. *Board of Education,* 174 Okla. 164, 49 P. 2d 1077; *Board of Education* v. *Johnston,* 189 Okla. 172, 115 P. 2d 132, and *Wilson* v. *City of Hollis,* decided by the Oklahoma Supreme Court on October 6, 1942 and not officially reported. The Court of Appeals found none of these cases to be precisely in point but concluded that the Supreme Court of Oklahoma had consistently and pointedly avoided the announcement of the rule contended for. It accordingly held that the District Court had correctly directed tax levies to provide for payment, from the

general tax fund, of the overdue installments of the improvement assessments, with interest as prescribed.

Petitioners filed a timely petition for rehearing which was denied on September 1, 1943. On December 17, 1943, petitioners moved for leave to file a second petition for rehearing which the Circuit Court of Appeals denied. In their second petition, petitioners brought to the attention of the court and relied upon an opinion of the Supreme Court of Oklahoma in *Wilson* v. *City of Hollis*, of October 19, 1943, — Okla. —, 142 P. 2d 633, which had superseded its earlier opinion on which the Circuit Court of Appeals had relied in its opinion in this case. Petitioners contended that by its later opinion the Supreme Court of Oklahoma had determined that Oklahoma law did not authorize the levy of a general fund tax to pay assessment installments which fell due in prior years, but that such installments could be paid only from a sinking fund levy, and that no statutory penalties or additional interest for delinquency could be collected.

In its second opinion the Supreme Court of Oklahoma reexamined in detail the mode of enforcing past due installments of improvement assessments against the property of municipalities and counties in Oklahoma. It differentiated between the liability of municipally owned and privately owned property located within improvement districts, and it appears to have held, with respect to the former, that under the applicable provisions of the Oklahoma statutes mandamus to enforce the levy of a general fund tax will lie only in the year in which the assessment installment falls due, that money from the general fund cannot be applied to the payment of obligations of a prior fiscal year, and that "no delinquency that will carry with it additional interest or penalty can accrue against public property." It said that judgment could be rendered against a county or municipality for past due installments which could be paid as are other judgments against a

county or municipality under Okla. Const. Art. 10, § 28, and 62 O. S. 1941, § 431, *et seq., i. e.,* in three annual installments out of sinking fund levies. In announcing these conclusions the Supreme Court of Oklahoma stated that it found confusion arising out of its decisions on this subject, and that it was forced to reexamine its earlier decisions, including some of those on which the Circuit Court of Appeals had relied in deciding this case, to differentiate some, and to bring others into conformity with its conclusions announced in the *Wilson* case. In particular it declared that *Independent School District No. 39* v. *Exchange National Co., supra,* and *First National Bank* v. *Board of Education, supra,* were in part overruled.

State law is the controlling rule of decision in this case as to both substantive and procedural rights of the parties. *Erie R. Co.* v. *Tompkins,* 304 U. S. 64; Federal Rules of Civil Procedure, Rules 69 (a), 81 (b), 28 U. S. C. following § 723 (c). It is the duty of the federal appellate courts, as well as the trial court, to ascertain and apply the state law where, as in this case, it controls decision. *Meredith* v. *Winter Haven,* 320 U. S. 228. And a judgment of a federal court ruled by state law and correctly applying that law as authoritatively declared by the state courts when the judgment was rendered, must be reversed on appellate review if in the meantime the state courts have disapproved of their former rulings and adopted different ones. "Until such time as a case is no longer *sub judice,* the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court." *Vandenbark* v. *Owens-Illinois Co.,* 311 U. S. 538, 543.

The second opinion of the Oklahoma Supreme Court in the *Wilson* case has at least raised such doubt as to the applicable Oklahoma law as to require its reexamination

in the light of that opinion and of later decisions of the Supreme Court of Oklahoma on which respondents rely, before pronouncement of a final judgment in the case by the federal courts. That doubt is not to be resolved in the first instance by this Court. We have often had occasion to point out the importance to the orderly judicial administration of state laws in the federal courts that questions of state law required to be decided here should first be considered and decided by the state or federal court from which the case is brought to this Court for review. *Dorchy* v. *Kansas,* 264 U. S. 286, 290–91; *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Comm'n,* 273 U. S. 126, 131; *Ruhlin* v. *New York Life Ins. Co.,* 304 U. S. 202, 206–7; *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688, 690–91. The decision of the highest court of a state on matters of state law are in general conclusive upon us, and ordinarily we accept and therefore do not review, save in exceptional cases, the considered determination of questions of state law by the intermediate federal appellate courts, cf. *Ruhlin* v. *New York Life Ins. Co., supra.* When we are called upon to decide them, the expression of the views of the judges of those courts, who are familiar with the intricacies and trends of local law and practice, if not indispensable, is at least a highly desirable and important aid to our determination of state law questions. This Court will not ordinarily decide them without that aid where they may conveniently first be decided by the court whose judgment we are called upon to review. See, *e. g., Ruhlin* v. *New York Life Ins. Co., supra; Rosenthal* v. *New York Life Ins. Co.,* 304 U. S. 263, 264; *West* v. *A. T. & T. Co.,* 311 U. S. 223, 241; *Klaxon Co.* v. *Stentor Co.,* 313 U. S. 487, 497; *Meredith* v. *Winter Haven, supra.*

Accordingly, without passing on any of the other contentions of the parties, we vacate the judgment below and remand the cause to the Circuit Court of Appeals so that it may reconsider its decision in the light of the decisions

238

and opinions of the Supreme Court of Oklahoma in the *Wilson* and later cases.

*So ordered.*