INDEMNITY INS. CO. OF NORTH AMERICA v. REISLEY.

No. 137.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1945.

Rehearing Denied Jan. 22, 1946.

298

Smith & Carroad, of New York City (Julius S. Smith and Abraham Brass, both of New York City, of counsel), for petitioner.

Emanuel Bloch, of New York City (Edgar E. Harrison, of New York City, of counsel), for trustee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. *The insurance company's appeal:* The order of April 14, 1942, was based upon an interpretation of § 36-a of the New York Lien Law, Consol.Laws, c. 33, as in effect before amendments effective September 1, 1942.[1] But since April 1942, New York's highest court has held that that statute creates no lien. See Raymond Concrete Pile Co. v. Federation Bank & Trust Co., 288 N.Y. 452, 43 N.E.2d 486; New York Trap Rock Corp. v. National Bank of Far Rockaway, 293 N.Y. 884, 59 N.E.2d 787. The insurance company's appeal must therefore fail.[2] We cannot agree with the insurance company's contention that, absent any lien under state law, a bankruptcy court can create a lien on the basis of "fire side equity."

2. *The trustee's appeal.* The order of April 14, 1942, directing payment to the insurance company was open to reconsideration at any time before the estate was closed, for § 57, sub. k of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. k, expressly so provides Federal Rules of Civil Procedure, rule 60 (b), 28 U.S.C.A. following section 723c, has no bearing here, since, under General Order No. 37, 11 U.S.C.A. following section 53, the Rules are applicable only "in so far as they are not in-

[1] That section, before such amendments, provided: "The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement, and to the payment of premiums on surety bond or bonds filed and premiums on insurance accruing during the making of the improvement and any contractor and any officer, director or agent of any contractor who applies or consents to the application of such funds for any other purpose and fails to pay the claims hereinbefore mentioned is guilty of larceny and punishable as provided in section thirteen hundred and two of the penal law."

The insurance company concedes that the amendments are inapplicable here.

[2] Cf. Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327.

consistent with the Act." The order denying Tyler's previous application for reconsideration cannot operate as res judicata, in the light of § 57, sub. k, and Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. The court below erroneously decided against the trustee on the ground of his delay.

However (particularly as the trustee on oral argument here assented) we remand for determination of whether the insurance company changed its position since it received payment of the $5,263.40.[3]

Affirmed on the insurance company's appeal; reversed and remanded on the trustee's appeal.

## On Petition for Rehearing.

■■■ As the order of April 14, 1942, was based upon a reclamation petition, we erred in our original opinion when we said that § 57, sub. k, 11 U.S.C.A. § 93, sub. k, governed. Nevertheless, Rule 60(b), 28 U.S.C.A. following section 723c, is not applicable because it relates only to a final order;[1] and no order in a bankruptcy proceeding is final (in the sense that it cannot be reopened) until the proceeding has been terminated.[2]

■■ The insurance company argues that the trustee's appeal is from the denial of a petition for a reconsideration of an earlier order and is therefore not appealable. We do not agree. This being a bankruptcy proceeding, the Referee, as the Court of Bankruptcy[3] had discretion to re-examine and vacate the former order. The issue before the Court below was whether the Referee had abused his discretion;[4] and that question comes before us on this appeal. We think the discretion was clearly abused.[5]

The petition for review was timely. For where an application is made for reconsideration, the time for review begins to run from the date of denial of such relief, provided the Referee reconsidered the merits of the original order.[6] We think that the Referee did thus reconsider the merits for he based his denial of relief on res judicata (i.e., the rejection of a previous petition for reconsideration) which was a defense on the merits.[7] In such circumstances, the petition to review must relate to the original order, not to the denial order; literally the petition here asked review of the Referee's denial order, but we consider it as, in effect, the same as a petition to review the original order.[8]

Accordingly we adhere to our earlier ruling and deny the petition for rehearing.

---

[3] The previous decision that it had is not to be taken as res judicata or otherwise binding.

[1] American United Life Ins. Co. v. Haines City, Florida, 5 Cir., 117 F.2d 574, 575. See Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47, 63 S.Ct. 1393, 87 L.Ed. 1731, decided after the Rules became effective.

[2] Wayne United Gas Co. v. Owens-Illinois Gas Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Pfister v. Northern Illinois Fin. Corp., 317 U.S. 144, 149, 63 S.Ct. 133, 87 L.Ed. 146; Bowman v. Lopereno, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177; Rafert v. Equitable Life Assurance Soc., 8 Cir., 138 F.2d 185, 187, certiorari denied 320 U.S. 801, 64 S.Ct. 431, 88 L.Ed. 484; Curtis v. O'Leary, 8 Cir., 131 F. 2d 240, 245; Mulligan v. Federal Land Bank of Omaha, 8 Cir., 129 F.2d 438, 440; Walgreen Drug Stores v. Scruggs, 4 Cir., 129 F.2d 789, 790; In re Chicago, M. & St. P. R. Co., 7 Cir., 138 F.2d 235, certiorari denied Abrams v. Scandrett, 321 U.S. 770, 64 S.Ct. 528, 88 L.

Ed. 1066; American United Life Ins. Co. v. Haines City, Florida, 117 F.2d 574, 575.

This in no way implies that an order in a "controversy arising in a proceeding in bankruptcy" may not be final for the purpose of taking an appeal therefrom.

[3] Bankruptcy Act § 1(9), 11 U.S.C.A. § 1(9).

[4] Kimm v. Cox, 8 Cir., 130 F.2d 721, 732, 733; Wharton v. Farmers & Merchants Bank, 8 Cir., 119 F.2d 487. See also the cases cited in footnote 2, supra.

[5] Cf. Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246.

[6] Pfister v. Northern Illinois Fin. Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; Bowman v. Lopereno, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177.

[7] That a decision based on res judicata is on the merits, cf. Buck v. Spofford, 35 Me. 526.

[8] Cf. Safeway Stores v. Coe, 78 U.S. App.D.C. 19, 136 F.2d 771, 772, 148 A.L. R. 782.