261 F.2d 8
 Betty CRANFORD, Appellant,
v.
FARNSWORTH & CHAMBERS COMPANY, Inc., a corporation,
Employer, and The Fidelity and Casualty Company of
New York, a corporation, Insurer, Appellees.
 No. 5896.
 United States Court of Appeals Tenth Circuit.
 Nov. 12, 1958.
 
 Santiago E. Campos, Santa Fe, N.M., for appellant.
 William W. Gilbert, Santa Fe, N.M. (Carl H. Gilbert, L. C. White and Sumner S. Koch, Santa Fe, N.,M., on the S. Koch, Santa Fe, N.M., on the
 Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 This appeal is here on a stipulated record. On March 2, 1956 Thomas A. Cranford, an employee of the defendant Farnsworth & Chambers Company, Inc., received an injury for which he filed a claim under the New Mexico Workmen's Compensation Law and was awarded the sum of $16.50 per week for a period of 550 weeks. On March 17, 1957 Cranford died. His widow brought this action in a state court to recover the amount of the award accruing after the death of her husband. The complaint did not allege that the injury was the proximate cause of the death. The case was removed to the United States District Court where a judgment of dismissal was entered upon motion of the defendants.
 
 
 2
 Assuming that Cranford died from causes other than the injury, the parties agree that the single question presented is whether the dependents of a deceased workman may recover that portion of a compensation award which was payable after the death of the workman. Generally the courts have held that in the absence of a special statute, the payments provided for in an award to a workman for injuries received in the course of his employment do not survive his death. 2 Larson, Workmen's Compensation Law, 51, 58.40; cases collected in Annotation 15 A.L.R. 821, Annotation 24 A.L.R. 441, Annotation 29 A.L.R. 1426, Annotation 87 A.L.R. 864, and Annotation 95 A.L.R. 254. The reasoning of these cases is that the obligation to pay compensation is purely statutory and that the purpose of Workmen's Compensation Acts is to require certain classes of employers to take care of and provide for their injured employees and their dependents. The awards are considered compensation in lieu of wages, and since wages must cease at death, so must the award payments. Substantially all compensation Acts provide for payment of benefits to the workman's dependents in cases where the injuries result in death. See N.M.Stat.Anno., 1953, 59-10-18. The right to death benefits is separate and distinct from the right of the employee and is for a different purpose. Some state statutes provide the awards due after the death of a workman are payable to dependents, regardless of the cause of death.[1] New Mexico has no such statute, but it was held in Gonzales v. Sharp & Fellows Contracting Co., 51 N.M. 121, 179 P.2d 762, that the New Mexico statutory provisions require the payment of the unaccrued awards to a workman's dependents wehre the workman died as a result of employment-connected injuries. In that case it was held, however, that the dependents could not recover the regular death benefits because death occurred more than one year after the injury. The plaintiff contends that the death of the employee, not the cause of his death, was the controlling factor in the Gonzales case, and that the rationale of that decision is to the effect that the statutory provisions entitled the dependents to recover whatever the injured workman would have received had he lived, regardless of the cause of his death.
 
 
 3
 The pertinent parts of the controlling statutes are as follows:Section 59-10-13, N.M.Stat.Anno., 1953:
 
 
 4
 '* * * In case death of any workman who would himself have been entitled had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 8 (section 57-917 (59-10-17)) hereof. * * *'
 
 Section 59-10-17, N.M.Stat.Anno., 1953:
 
 5
 'In event any injury from accident arising out of and in the course of the employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, and such claim shall be filed and answer made thereto and other procedure had as in cases filed by the injured workman. Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one (1) year after the date of such death.'
 
 
 6
 The plaintiff urges that Section 13 creates a substantive right to the relief sought here, and that the reference to Section 17 is only procedural and does not affect that right. With this we do not agree. We understand the Gonzales case to hold that the right results from the application of both of these sections, not just one.[2] It is true that Section 13 creates a substantive right in the dependents, but claim therefor may be filed only as provided in Section 17, which section limits recovery to the dependents of those workmen who die as a result of injuries received in the course of employment. Only dependents of this class may file a claim and receive the compensation authorized by the section. Admittedly, the plaintiff is not within this class and cannot under the statute sustain a claim. This was the conclusion reached by the trial court.
 
 
 7
 While the question is not free from doubt, in the absence of a guiding court decision, we are constrained to leave undisturbed an interpretation placed upon a state statute by an able New Mexico Federal Judge who from long experience is 'familiar with the intricacies and trends of local law and practice.' Huddleston v. Dwyer, 322 U.S. 232, 237, 64 S.Ct. 1015, 88 L.Ed. 1246; Hillsborough Tp., Somerset County, N.J. v. Cromwell, 326 U.S. 620, 630, 66 S.Ct. 445, 90 L.Ed. 358; Steele v. General Mills, Inc., 329 U.S. 433, 439, 67 S.Ct. 439, 91 L.Ed. 402; Bernhardt v. Polygraphic Company of America, Inc., 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199.
 
 
 8
 Affirmed.
 
 
 
 [1]
 For example see Wenning v. Turk, 78 Ind.App. 355, 135 N.E. 665; Schmidt, v. Moncrief, 194 Okl. 377, 151 P.2d 920; 85 Okl.Stat.Anno. 48
 
 
 [2]
 In speaking of Sections 13 and 17, the court said: 'It is obvious that these statutes are not ambiguous, and standing alone, support the widow's contentions * * *.'