No. 74–1414. SHUMAR *v.* UNITED STATES; and

No. 74–6518. CLARKE *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied. Reported below: 513 F. 2d 635.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

Federal Rule App. Proc. 26 (b) authorizes the courts of appeals to permit motions to be made out of time only "for good cause shown." The question in these cases is whether the Government showed good cause for its untimely motion to extend time to petition for rehearing in the Court of Appeals.

Petitioners Shumar and Clarke were convicted in the District Court for the Southern District of Indiana on one count of conspiring to violate 18 U. S. C. § 1955 and on two counts of actually violating § 1955. The Court of Appeals for the Seventh Circuit affirmed the convictions on the substantive counts, but reversed on the conspiracy count, holding that Wharton's Rule barred conviction for both violating and conspiring to violate § 1955. The Court of Appeals entered judgment on July 31, 1974, and denied petitioners' petition for rehearing on September 30. The Government moved on October 4 to stay the mandate pending our decision in *Iannelli* v. *United States,* 420 U. S. 770 (1975), a case which presented the identical Wharton's Rule question decided by the Court of Appeals. The Government did not seek an extension of time to petition for rehearing until October 24, when it sought an extension pending our decision in *Iannelli.* The Court of Appeals granted the extension. Several months later, we held in *Iannelli* that Wharton's Rule does not bar conviction for both violation of § 1955 and conspiracy to do so. The Government then petitioned for rehearing. The Court of Appeals granted rehearing and modified its decision

in light of *Iannelli*, affirming petitioners' convictions on the conspiracy count.

Absent an extension of time or a new entry of judgment, time to petition for rehearing expired on August 14, 14 days after entry of judgment by the Court of Appeals on July 31. Fed. Rule App. Proc. 40 (a). The Government contends, however, that its time to petition for rehearing began to run from the denial of petitioners' petition for rehearing on September 30. But even accepting this doubtful contention,[1] time to petition for rehearing expired on October 14, and, as the Government concedes, its motion to extend time on October 24 was untimely.

The Government argues instead that it satisfied the good-cause requirement of Rule 26 (b) by pointing out that we had granted certiorari in *Iannelli* on the same Wharton's Rule question decided by the Court of Appeals. Admittedly, our grant of certiorari in *Iannelli* would have been good cause to grant a *timely* motion to extend time to petition for rehearing, but that is not the question presented by these cases.

The Government's motion to extend time was itself untimely. Its burden was to show good cause, not only for the extension, but also for its untimely motion

---

[1] Petitioners, of course, only sought rehearing on the affirmance of the substantive counts of their convictions. The Government fails to explain how the denial of rehearing on the affirmance of these counts extended its time to petition for rehearing on the reversal of the conspiracy count. The Government's claim is far from obvious. Under Fed. Rule App. Proc. 40 (a), time to petition for rehearing runs from the date of entry of judgment. It is doubtful that entry of a denial of rehearing operates as an entry of judgment within the meaning of Rule 40 (a), since that would permit an indefinite succession of petitions for rehearing. It is still more doubtful that entry of a denial of rehearing as to the affirmance of two counts of a conviction constitutes entry of judgment of reversal as to a third count.

for an extension. Rule 26 (b) requires a showing of good cause both for extensions of time and for motions made out of time:

> "The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, *or may permit an act to be done after the expiration of such time . . . ."*
> (Emphasis added.)

Indeed, of the three earlier Rules upon which Rule 26 (b) was modeled, see Fed. Rule App. Proc. 26 (b), Notes of Advisory Committee, 28 U. S. C. App., p. 7715, two permit motions to extend time outside of the period sought to be extended only upon a showing of excusable neglect, Fed. Rule Civ. Proc. 6 (b); Fed. Rule Crim. Proc. 45 (b), and one permits applications to extend time only within the period sought to be extended, Sup. Ct. Rule 34 (2).[2] The Government was required to show good cause for its delay in seeking an extension.[3]

It failed to do so. Certiorari was granted in *Iannelli* on May 28, 1974. The Court of Appeals first entered judgment over two months later and, according to the Government, its time to seek an extension expired over four months later. The Government does not contend

---

[2] Since the promulgation of the Federal Rules of Appellate Procedure, the relevant provisions of the cited Rules have not been changed.

[3] The decisions in *Huddleston* v. *Dwyer*, 322 U. S. 232 (1944), and *Braniff Airways, Inc.* v. *Curtiss-Wright Corp.*, 424 F. 2d 427, 428–431 (CA2), cert. denied *sub nom. Addabbo* v. *Curtiss-Wright Corp.*, 400 U. S. 829 (1970), are not to the contrary. The party seeking rehearing in those cases had good cause for its delay in seeking an extension. Unlike the present cases, there was no evidence that the party was aware, or could readily have become aware, prior to the expiration of time to petition for rehearing, that a case pending in the State Supreme Court might conclusively establish the governing state law.

that its time to move for an extension expired before it had a reasonable opportunity to learn of our grant of certiorari in *Iannelli,* and indeed, it could not make this argument. When the Government moved on October 4 to stay the mandate of the Court of Appeals pending our decision in *Iannelli,* it was aware that certiorari had been granted in *Iannelli.* Assuming, as the Government contends, that it could have timely moved to extend time on October 4, its 20-day delay until October 24 must be attributed solely to inadvertence. If the good-cause requirement of Rule 26 (b) possesses any meaning at all, the inadvertence of a litigant cannot qualify as good cause.

I would grant certiorari to reverse the affirmance of petitioners' conspiracy convictions by the Court of Appeals.