The **CINCINNATI INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**BEAZER HOMES INVESTMENTS, LLC et al., Defendants–Appellants.**

No. 08–5967.

United States Court of Appeals, Sixth Circuit.

Oct. 8, 2010.

Before: BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

### ORDER

On February 4, 2010, this court filed an opinion affirming the judgment below. *See Cincinnati Ins. Co. v. Beazer Homes Investments, LLC,* 594 F.3d 441 (6th Cir. 2010). That opinion held that "unless and until the Indiana Supreme Court decides otherwise," a standard commercial general liability (CGL) insurance contract does not provide coverage to the insured general contractor for water damage to the project in question caused by the faulty workmanship of the subcontractors. *Id.* at 451. At the time of our decision, however, the case of *Sheehan Construction Co. v. Continental Casualty Co.* was pending before the Indiana Supreme Court, a case addressing precisely the same question of Indiana insurance law. We therefore filed an Order on March 15, 2010 that stayed the mandate in this case "until the Indiana Supreme Court issues a decision" in *Sheehan.*

On September 30, 2010, the Indiana Supreme Court, in a 3 to 2 decision, held that a standard CGL insurance contract *does* cover water damage to property caused by the faulty workmanship of a subcontractor, unless the insured intended for the work to be faulty. *See Sheehan Constr. Co. v. Continental Cas. Co.,* 935 N.E.2d 160 (Ind. 2010). Because this is a diversity-of-citizenship case controlled by Indiana law, and because the mandate was specifically stayed until Sheehan was decided, we must now set aside our prior ruling and remand this case to the district court for reconsideration in light of *Sheehan. Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Huddleston v. Dwyer,* 322 U.S. 232, 236, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944).

IT IS THEREFORE ORDERED that our prior opinion filed on February 4, 2010 is hereby VACATED, the judgment of the district court is REVERSED, and the case is REMANDED for reconsideration in light of *Sheehan.*