SHEEHAN CONSTRUCTION COMPA-
NY, INC., Vincent B. Alig, M.D. and
Mary Jean Alig Individually, Co–Trus-
tees of the Mary Jean Alig Revocable
Trust, and as Representatives of a
Class of All Others Similarly Situated,
Appellants,

v.

CONTINENTAL CASUALTY COMPA-
NY, Indiana Insurance Company, and
MJ Insurance, Inc., Appellees.

No. 49S02–1001–CV–32.

Supreme Court of Indiana.

Dec. 17, 2010.

## PUBLISHED ORDER DENYING PETITION FOR REHEARING

Appellee Continental Casualty Compa-
ny's Petition for Rehearing is hereby DE-
NIED with dissenting opinion.

DICKSON, RUCKER and DAVID, JJ.,
concur.

SULLIVAN, J., dissents with separate
opinion, in which SHEPARD, C.J., joins.

SULLIVAN, Justice, dissenting.

I respectfully dissent from the denial of
Continental Casualty Company's Petition
for Rehearing because I continue to be-
lieve that damage caused by faulty work-
manship is not covered under a CGL poli-
cy.

The United States Court of Appeals for
the Sixth Circuit, in a diversity case, ad-
dressed this precise issue of Indiana law
earlier this year in *Cincinnati Insurance
Co. v. Beazer Homes Investments, LLC,*
594 F.3d 441 (6th Cir.2010), *vacated,* 399
Fed.Appx. 49 (6th Cir.2010). In that case,
a general contractor sought coverage un-
der CGL policies for damage to the in-
sured property that resulted from faulty
workmanship of its subcontractors. The
Sixth Circuit identified the distinction
made in prior Indiana case law between
two types of risk and correctly observed
that business risk (or the risk of faulty
workmanship causing damage to the in-
sured property) has traditionally not been
covered under CGL policies, while tort risk
(or the risk of accidental injury to persons
or property other than the insured proper-
ty) has been covered. *Id.* at 451 (finding
no need to certify the question because
"[t]he Indiana Supreme Court has clearly
made a distinction between the two types
of risks facing a builder"). Further, the
court correctly acknowledged that policy
exclusions do not determine coverage. *Id.*
at 450. Accordingly, because it is neither
"property damage" nor an "occurrence,"
the Sixth Circuit concluded that faulty
workmanship causing damage to the in-
sured property is simply not covered by
CGL policies under Indiana law. *Id.* at
448–53; *see also Trinity Homes LLC v.
Ohio Cas. Ins. Co.,* No. 1:04–cv–1920–
SEB–DML, 2009 WL 3163108, at *6–8
(S.D.Ind. Sept. 25, 2009).

I believe the Sixth Circuit more accu-
rately analyzed Indiana law on this subject
than did this Court's opinion.

We have defined an accident as " 'an
unexpected happening without an intention
or design.' " *Tri–Etch, Inc. v. Cincinnati
Ins. Co.,* 909 N.E.2d 997, 1002 (Ind.2009)
(quoting *Auto–Owners Ins. Co. v. Harvey,*
842 N.E.2d 1279, 1283 (Ind.2006)). Focus-
ing on the latter part of our definition, the
Court's opinion holds that damage caused
by unintentional faulty workmanship is un-
foreseeable and therefore an accident.
*Sheehan Constr. Co., Inc. v. Cont'l Cas.
Co.,* 935 N.E.2d 160, 172 (Ind.2010). But
simply because neither the general con-

tractor nor subcontractor intends a defective result does not make their conduct accidental. *See Tri–Etch, Inc.,* 909 N.E.2d at 1001 ("Lack of intentional wrongdoing does not convert every business error into an 'accident.'"). Rather, the inclusion of "unexpected" in our definition of accident implies a degree of fortuity that is simply not implicated by faulty workmanship claims. *See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 589 Pa. 317, 908 A.2d 888, 898 (2006) ("The key term in the ordinary definition of 'accident' is 'unexpected.' This implies a degree of fortuity that is not present in a claim for faulty workmanship."); *Auto–Owners Ins. Co. v. Home Pride Cos., Inc.,* 268 Neb. 528, 684 N.W.2d 571, 577 (2004) (" '[T]he fortuity implied by reference to accident or exposure is not what is commonly meant by a failure of workmanship.' " (citation omitted)).

The economic risk of faulty workmanship has not been covered by CGL policies for good reason. As the United States District Court for the Southern District of Indiana (applying Indiana law) noted, "Were CGL policies to cover such 'economic losses,' the 'moral hazard would be considerable: the prospect of indemnity would lead the general contractor to save money by hiring substandard subcontractors, then turning to the insurer to fix the customers' homes.'" *Trinity Homes LLC,* 2009 WL 3163108, at *6 (internal citation omitted) (quoting *Westfield Ins. Co. v. Sheehan Constr. Co., Inc.,* 564 F.3d 817, 818 (7th Cir.2009)).

That is not to say that general contractors are left helpless in bearing the risk of their subcontractors' faulty workmanship. To the contrary, the Sixth Circuit in *Beazer Homes* recognized other means available to protect general contractors against such business risk. Specifically, "[g]eneral contractors can require performance

bonds, can contract for professional-liability insurance or subcontractor-default insurance, or can seek breach-of-contract damages against subcontractors who do not adequately perform." *Beazer Homes,* 594 F.3d at 452 (citation omitted). I agree that these alternatives provide the appropriate recourse to general contractors who are faced with damage from faulty workmanship.

For the foregoing reasons, I believe we should grant Continental Casualty Company's Petition for Rehearing and affirm the trial court's grant of summary judgment.

SHEPARD, C.J. joins.