**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SFR INVESTMENTS POOL 1, LLC,

      Plaintiff-counter-
      defendant-Appellant,

  v.

BANK OF AMERICA, NA, FKA
Countrywide Home Loans Servicing, LP,
Successor by Merger to BAC Home Loans
Servicing, LP,

      Defendant-counter-claimant-
      Appellee.

No.   22-16472

D.C. No.
2:19-cv-01534-JCM-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 4, 2023
San Francisco, California

Before:  BRESS and JOHNSTONE, Circuit Judges, and EZRA,[***] District Judge.

SFR Investments Pool 1, LLC ("SFR") appeals from the district court's grant

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

of summary judgement to Bank of America, N.A. ("BANA") on SFR's suit seeking to quiet title for a residential property located in Las Vegas, Nevada. We review a district court's grant of summary judgment de novo. *Citicorp Real Est., Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998). We "must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* "Summary judgment is not proper . . . if material factual issues exist for trial." *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

1. The district court correctly concluded that BANA timely counterclaimed for a declaratory judgment that its deed of trust on the property survived the homeowners' association (HOA) foreclosure sale to SFR. In Nevada, actions "seeking a declaratory judgment that [a] lien was not extinguished by a subsequent foreclosure sale of the property" are subject to a "four-year catch-all statute of limitations, NRS 11.220." *U.S. Bank, N.A. v. Thunder Prop., Inc.*, 503 P.3d 299, 302 (Nev. 2022). "[T]he limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *Id.* at 306. "The HOA foreclosure sale, standing alone, is not sufficient to trigger the period." *Id.*

SFR did not take any affirmative action to repudiate BANA's deed of trust until initiating this quiet title action. SFR's suits to extinguish other BANA deeds of trust on other properties that SFR purchased at HOA foreclosure sales are not affirmative actions under *Thunder Properties* because they did not concern the property at issue here. The statute of limitations thus began to run only upon the filing of SFR's complaint, making BANA's counterclaim timely.[1]

Laches also does not bar BANA's counterclaim. Laches "may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable." *Bldg. & Constr. Trades Council of N. Nev. v. State ex rel. Pub. Works Bd.*, 836 P.2d 633, 636–37 (Nev. 1992). BANA did not delay in asserting its counterclaim. The "strong circumstances [that] must exist . . . to sustain a defense of laches when the statute of limitations has not run," *id.* at 637, are not present here.

2.     The district court erred in finding that BANA was entitled to summary judgment based on excused tender. Nevada's excused tender doctrine permits a deedholder to preserve its deed of trust in foreclosure without tendering on the HOA lien "when evidence shows that the party entitled to payment had a known policy of

---

[1] In its reply brief, SFR argues for the first time that *Thunder Properties* applies only prospectively and therefore does not govern here. "[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Regardless, the argument is meritless. *See Huddleston v. Dwyer*, 322 U.S. 232, 236 (1944) (per curiam).

rejecting such payments." *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 349 (Nev. 2020). Here, the record establishes that the HOA's agent, AMS, had a known policy of rejecting payments tendered by BANA's outside counsel, Miles Bauer Bergstrom & Winters, LLP ("Miles Bauer"), based on "conditional 'paid in full' in language" in Miles Bauer's tender offers. But the record does not establish that AMS had any known policy of rejecting payments not made by Miles Bauer or unaccompanied by conditional language, and it is not evident that tender on this lien would have been made in either of those ways. Further, in this case, BANA was not servicing the loan, but had instead contracted with Carrington Mortgage Services ("Carrington") to do so. It appears that BANA's agent, Carrington, would have been responsible for tendering to AMS, and Carrington's Rule 30(b)(6) representative did not testify to hiring Miles Bauer or otherwise including stipulations in its tender offers. Assuming Carrington would indeed have been the party to tender, it is thus presently unclear how it would have done so.

Accordingly, there remains a genuine dispute of material fact as to whether an offer of payment on the HOA's lien "would have been rejected" if made. *Perla*, 458 P.3d at 351. On remand, the district court may permit additional discovery on the excused tender issue and may, in its discretion, consider any renewed motion for summary judgment on this issue on a more complete record. Our decision is also without prejudice to any other defenses that BANA may raise.

4

The district court's judgment is **VACATED** and this matter is **REMANDED** for further proceedings. Each party shall bear its own taxable costs.[2]

---

[2] SFR's motion to certify questions to the Nevada Supreme Court is denied.