896 F.2d 474
 Prod.Liab.Rep.(CCH)P 12,402
Ronna RILEY, personal representative of Ira Bob Harry Riley,
Deceased, Plaintiff-Appellant,
v.
BROWN & ROOT, INC., a corporation; Stebbins Engineering and
Manufacturing Company, a corporation; Defendants,
and
Rust Engineering Company, a corporation, Defendant-Appellee.
 No. 86-1935.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 20, 1990.
Rehearing Denied March 26, 1990.
 
 Ed Abel, Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl. (Lynn B. Mares, Abel, Musser, Sokolosky & Clark, Oklahoma City, Okl., was also on the brief), for plaintiff-appellant.
 Page Dobson, Holloway, Dobson, Hudson and Bachman, Oklahoma City, Okl. (Terry A. Hall, Holloway, Dobson, Hudson and Bachman, Oklahoma City, Okl., was also on the brief), for defendant-appellee.
 Before HOLLOWAY, Chief Judge, TIMBERS* and BALDOCK, Circuit Judges.
 HOLLOWAY, Chief Judge.
 
 
 1
 In this diversity action, plaintiff appeals an order granting defendant Rust Engineering Company's motion for summary judgment, and denying her request to certify a question of state law to the Oklahoma Supreme Court. We vacate the district court's judgment and remand for further consideration in light of an intervening state court opinion.
 
 I. Procedural and Factual Background
 
 2
 Plaintiff, as the personal representative of Ira Riley, deceased, originally brought this manufacturer's products liability action against several defendants,[1] including Rust Engineering Co. ("Rust"), alleging that the defendant defectively designed the "base machine chest"[2] in which Ira Riley died. The district court granted defendant Rust's motion for summary judgment, holding, as a matter of law, that plaintiff's cause of action was barred by a special statute of repose, Okla.Stat. tit. 12, Sec. 109 (1981).[3] That statute provides, in relevant part, that no action in tort to recover damages for deficiency in the design, planning, supervision, or observation of construction of an "improvement to real property" shall be brought more than ten years after substantial completion of the improvement.
 
 
 3
 Although the district court had before it no authority directly on point, the court concluded that the base machine chest involved in this case constituted an "improvement to real property" within the meaning of Sec. 109 and therefore that the statute applied. The district court also ruled that Sec. 109 did not violate Article 23, Sec. 7 of the Oklahoma Constitution which forbids the abrogation of a right of action to recover damages for wrongful death.[4] Plaintiff challenges both of these rulings. She does not dispute that her cause of action arose more than ten years after completion of the paper mill, but argues that the base machine chest is not an "improvement to real property" within the meaning of the statute. Further, plaintiff argues that even if the machine chest is an improvement to real property, such that her suit would be barred by the statute, then Sec. 109 is unconstitutional because it abrogates the right of action to recover for injuries resulting in death in violation of Article 23, Sec. 7 of the Oklahoma Constitution.
 
 II. Discussion
 A.
 
 4
 We review the district court's order granting summary judgment under the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Contrary to Rust's assertion in its brief, we do not examine the trial court's rulings under the "clearly erroneous" standard, despite the fact that the trial court conducted a rather extensive evidentiary hearing in this case. See Luckett v. Bethlehem Steel Corp., 618 F.2d 1373, 1377 (10th Cir.1980). Although the district court made detailed statements of its views on the evidence, those determinations are not entitled to the deference due findings of fact made by a trial court after an evidentiary trial on disputed issues of fact. Williams v. Eaton, 443 F.2d 422, 433 (10th Cir.1971).[5] We review the entire record on summary judgment de novo in the light most favorable to the party opposing summary judgment. Weir v. Anaconda Co., 773 F.2d 1073, 1079 (10th Cir.1985). We must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. Luckett v. Bethlehem Steel, 618 F.2d at 1377 (quoting Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 516 F.2d 33, 36 (10th Cir.1975)). "Where different ultimate inferences may properly be drawn, the case is not one for a summary judgment." Luckett, 618 F.2d at 1377 (citations omitted).
 
 
 5
 Assuming for the moment that summary judgment was appropriate in this case, a point we do not and need not decide in light of our conclusions below, we believe this case must be remanded to the district court for reconsideration in light of a change in the governing state law. After the district court granted summary judgment for Rust and during pendency of this appeal, the Oklahoma Supreme Court decided Smith v. Westinghouse Electric Corp., 732 P.2d 466 (Okla.1987). In Smith, the Oklahoma Supreme Court announced that the test for determining whether the electrical equipment in question was an improvement to real property within the meaning of Sec. 109 would be "derived from our [ad valorem] taxing scheme." 732 P.2d at 470. The court held that because the electrical transformer retained its character as the personalty of the public utility supplying the electrical power, and ad valorem taxes for it were assessed solely against the utility using it, the transformers were not improvements to real property under Sec. 109. Id. at 467-68, 470. Since that test was not part of the law in Oklahoma when the district court granted summary judgment for Rust, the court did not consider or base its analysis on Oklahoma's ad valorem taxing scheme or the Smith analysis. Instead, acknowledging that the meaning of "improvement to real property" under Sec. 109 was a question of first impression in Oklahoma, the district court examined analogous Oklahoma real property law and decisions from other jurisdictions applying similar statutes. Ultimately, the court rested its decision on seven factors which it felt demonstrated that the base machine chest "is an integral part of the paper mill, and [is] required for the mill to function as intended,"[6] and therefore that it constitutes an improvement to real property within the meaning of Sec. 109. (Order entered March 12, 1986, at p. 7.)
 
 
 6
 It appears to us that Smith is controlling with respect to this question of statutory interpretation. Although Smith involved an electrical transformer owned by a public utility whose ad valorem taxes were governed by a special statute, see Okla.Stat. tit. 68, Sec. 2449 (1981), the principle announced in Smith would appear to be applicable to this case. Cf., e.g., Okla.Stat. tit 68, Sec. 2419 (1981) ("Real property, for the purpose of ad valorem taxation, shall be construed to mean ..., and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, exclusive of such machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property."); see also Akers v. Hintergardt, 201 Okl. 213, 203 P.2d 883 (1949) (real property, for the purpose of taxation, includes the land itself and any buildings or structures thereon). Since the record here does not cover the probable tax treatment of the base machine chest, as realty or personalty, or the ownership factor as discussed in Smith, the record is not sufficient in its present form to decide whether the machine chest is, under Oklahoma law, an improvement to real property within the meaning of Okla.Stat. tit. 12, Sec. 109.[7]
 
 
 7
 It is therefore incumbent on us to remand the case for reconsideration in light of Smith. "It is the duty of the federal appellate courts, as well as the trial court, to ascertain and apply the state law where, as in this case, it controls decision." Huddleston v. Dwyer, 322 U.S. 232, 236, 64 S.Ct. 1015, 1018, 88 L.Ed. 1246 (1943); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1262 (10th Cir.1984) ("In a diversity case we are obligated to overturn a trial court decision, correct when rendered, if an intervening decision of the highest court of a state changes the applicable law. This rule applies as long as the case is sub judice."); see also Whalley v. Sakura, 804 F.2d 580, 586 n. 3 (10th Cir.1986); Kinnison v. Houghton, 432 F.2d 1274, 1277 (10th Cir.1970); Versluis v. Town of Haskell, 154 F.2d 935, 937 (10th Cir.1946). Although the district court attempted to apply the controlling state law when it entered its judgment, that judgment must be reversed on appellate review if in the meantime the state courts have adopted a different rule of law. See Huddleston, 322 U.S. at 236, 64 S.Ct. at 1017. That is clearly the case here. We therefore vacate the order granting summary judgment to Rust and remand so that the district court may decide this question under the controlling state law.
 
 B.
 
 8
 After holding that the statute of repose, Sec. 109, applied to this case, the district court also upheld the constitutionality of that statute, relying primarily on Loyal Order of Moose Lodge 1785 v. Cavaness, 563 P.2d 143 (Okla.1977). Of course, the question concerning the application and interpretation of Sec. 109, now governed by Smith, must be decided before reaching the constitutional question raised in this case. The constitutionality of Sec. 109 should not be decided if the case can be resolved on narrower grounds. See, e.g., Ashwander v. TVA, 297 U.S. 288, 346-47, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); see also Oklahoma City Mun. Improvement Auth. v. HTB Inc., 769 P.2d 131, 132 n. 2 (Okla.1988); Smith v. Westinghouse, 732 P.2d at 467.
 
 
 9
 In the event the district court should again hold that the base machine chest is an improvement to real property within the meaning of Sec. 109, then the constitutionality of Sec. 109, in light of Article 23, Sec. 7 of the Oklahoma Constitution, will again be at issue. In the district court's order granting summary judgment to Rust, the court stated that it appeared from Loyal Order of Moose that the Oklahoma Supreme Court would uphold Sec. 109. We do not reach the constitutional issue, but would observe that we do not read the Loyal Order of Moose opinion as the district court did. The Oklahoma Court there said that the Oklahoma Constitution "appears to preclude the portion of Sec. 109 barring actions for wrongful death. However, this is not an issue in this case." 563 P.2d at 146 n. 15 (emphasis added). This serious issue of Oklahoma constitutional law was thus noted but not decided by the Oklahoma Court in that opinion. Recently, in St. Paul Fire & Marine Ins. Co. v. Getty Oil Co., 782 P.2d 915, 917 (Okla.1989), the Oklahoma Supreme Court again noted this question, which was raised by one party, but did not decide it. Under the circumstances, certification of this important and unsettled question of state constitutional law to the Supreme Court of Oklahoma would appear to be particularly appropriate, see Lehman Bros. v. Schein, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974) (noting that the certification procedure in the long run saves time, energy, and resources and helps build a cooperative judicial federalism, and that it would be appropriate "in view of the novelty of the question" of state law); Clay v. Sun Ins. Co., 363 U.S. 207, 212, 80 S.Ct. 1222, 1226, 4 L.Ed.2d 1170 (1960), although the determination at that point will be for the district court on remand of this case.
 
 
 10
 Accordingly, we vacate the order of the district court granting summary judgment in favor of defendant Rust Engineering Company and remand the cause for further proceedings in accord with this opinion.
 
 
 11
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable William H. Timbers, United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 [1]
 Only the engineering company remains as a defendant, as plaintiff has settled with the remaining defendants
 
 
 [2]
 The base machine chest is a component of a "linerboard machine" located at the Weyerhaeuser Company paper mill in Valliant, Oklahoma. The base machine chest holds liquified wood pulp or "sludge" which is used to make the linerboard
 
 
 [3]
 The statute provides as follows:
 No action in tort to recover damages
 (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
 (ii) for injury to property, real or personal, arising out of any such deficiency, or,
 (iii) for injury to the person or for wrongful death arising out of any such deficiency,
 shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.
 Okla.Stat. tit. 12, Sec. 109 (1981) (emphasis added).
 
 
 [4]
 The Oklahoma constitutional provision reads in relevant part as follows:
 The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation....
 Okla. Const. art. 23, Sec. 7.
 
 
 [5]
 Here the district court considered extensive evidentiary materials and conducted a hearing to determine whether the base machine chest was an "improvement to real property" within the meaning of Okla.Stat. tit. 12, Sec. 109. While the use of oral testimony on summary judgment motions is not improper, see 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2723 (1983) (collecting cases), the determinations made in ruling on summary judgment materials and such testimony are not findings reviewable on the clearly erroneous standard of Rule 52(a), but are reviewed under Rule 56(c) to ascertain whether there is an absence of any genuine issue as to any material fact and whether the movant was entitled to judgment as a matter of law
 
 
 [6]
 The court found that the base machine chest (1) was constructed wholly on site; (2) was not portable; (3) could not be dismantled without substantial destruction and economic costs; (4) consisted of a floor, roof and walls which were indivisible from the building; (5) was made of the same or substantially the same materials as the building; (6) was constructed contemporaneously with the building; and, (7) aids in stiffening the building structure where stressed by the processing of raw materials
 Plaintiff strenuously argues that the court's reliance on two of those factors was erroneous because they represent findings based on disputed facts. In light of our resolution of this case, we need not decide that question.
 
 
 [7]
 The parties did not present any evidence or argument to the district court relevant to an analysis under Smith. Nor have the parties addressed the effect of that decision in their briefs on appeal or in oral argument before this court. On remand the district court should conduct whatever proceedings are necessary to determine the applicability of Smith to the facts of this case