**Vernon Ray O'DELL and Lynette O'Dell, Plaintiffs,**

v.

**LAMB–GRAYS HARBOR CO., Sunds Defibrator, Inc., and B E & K Construction, Inc., Defendants.**

**No. CIV–94–939–L.**

United States District Court, W.D. Oklahoma.

Sept. 14, 1995.

Ed D. Abel, Lynn B. Mares, Abel, Musser, Sokolosky, Mares, Haubrich, Burch & Kouri, Oklahoma City, OK, Robin G. Talley, Kienzle & Talley, Shawnee, OK, Michael G. McGuire, Oklahoma City, OK, for plaintiff.

John Mac Hayes, Niemeyer, Alexander & Austin, Oklahoma City, OK, Timothy L. Martin, Tenal S. Cooley, III, Looney, Nichols, Johnson & Hayes, Oklahoma City, OK, John R. Paul, Richards, Paul, Richards & Siegel, Tulsa, OK, for Lamb–Grays Harbor Co.

Tom L. King, Jeff R. Beeler, Phillip P. Owens, II, King, Roberts & Beeler, Oklahoma City, OK, for Sunds Defibrator Inc.

Reggie N. Whitten, Douglas A. Terry, Mills & Whitten, Oklahoma City, OK, for B E & K Const. Inc.

Donald L. Babb, Kathleen J. Adler, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, OK, for Brown & Root Inc.

### *ORDER*

LEONARD, District Judge.

This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment against Defendant, Sunds Defibrator, Inc., and Defendant Sunds Defibrator's Counter Motion for Summary Judgment on the issue of applicability of the statute of repose. The court has carefully reviewed the briefs, responses, and replies submitted by the parties.

Summary judgment is appropriate if the pleadings, answers to interrogatories and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico,* 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). *See also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

On November 5, 1992, plaintiff Vernon Ray O'Dell became trapped when his right foot was caught between the paper machine number 3 flat slat conveyor and transfer rolls located at the end of the conveyor while he was attempting to move a roll of paper inside the Weyerhaeuser Company paper mill located in Valliant, Oklahoma. Mr. O'Dell's right foot and lower leg were injured and his right leg below the knee was eventually amputated. At the time of the injury, Mr. O'Dell was an employee of Weyerhaeuser Company, the owner of the slat conveyor.

Defendant Sunds Defibrator, Inc. (Sunds) sold, distributed, and manufactured the flat slat conveyor equipment, parts, and controls when the equipment was initially purchased and installed by Weyerhaeuser Company. The slat conveyor was designed by Sunds to meet the unique needs and specifications of the Weyerhaeuser Company paper mill in Valliant, Oklahoma. The slat conveyor was substantially completed and fully operational sometime in August or September of 1982. This action was filed more than ten years later on June 17, 1994.

Plaintiffs' complaint alleges negligence, manufacturer's products liability, and breach of warranty against Sunds. Specifically, plaintiffs allege a defect or deficiency in the design of the slat conveyor. Sunds asserts that Mr. O'Dell's claims for negligence and manufacturer's products liability are barred by 12 O.S. § 109, Oklahoma's statute of repose.

12 O.S. § 109 provides:

No action in tort to recover damages

(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

(ii) for injury to property, real or personal, arising out of any such deficiency, or

(iii) for injury to the person or for wrongful death arising out of any such deficiency,

shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

Plaintiffs argue that *Smith v. Westinghouse Electric Corp.*, 732 P.2d 466 (Okla. 1987) requires that the sole test for determining whether a particular piece of property is an "improvement to real property" within the meaning of 12 O.S. § 109 is derived from Oklahoma's ad valorem taxing scheme. Plaintiffs assert that since the slat conveyor and controls are taxed as personal property, they cannot, as a matter of law, constitute an "improvement to real property" as contemplated in § 109. Plaintiffs have submitted an affidavit from Weyerhaeuser Company indicating that the slat conveyor and controls are considered by Weyerhaeuser Company to be personal property and not an improvement to real property. Plaintiffs have also submitted the affidavit of the McCurtain County, Oklahoma, assessor which states that the slat conveyor and controls are taxed, for ad valorem purposes, as personal property and not as an improvement to real property.

Plaintiffs also rely on the Tenth Circuit Court of Appeals decision in *Riley v. Brown & Root, Inc.*, 896 F.2d 474 (10th Cir.1990). In *Riley,* the district court had concluded that a base machine chest, a component of a linerboard machine located at the Weyerhaeuser Company paper mill in Valliant, Oklahoma, constituted an "improvement to real property" within the meaning of § 109 and therefore the statute of repose applied to bar plaintiff's claims. While *Riley* was pending on appeal, the Oklahoma Supreme Court decided the *Smith* case. The Tenth Circuit determined that *Riley* should be remanded back to the district court for reconsideration in light of *Smith.* The Tenth Circuit stated:

In *Smith,* the Oklahoma Supreme Court announced that the test for determining whether the electrical equipment in ques-

tion was an improvement to real property within the meaning of § 109 would be "derived from our [ad valorem] taxing scheme." The court held that because the electrical transformer retained its character as the personalty of the public utility supplying the electrical power, and ad valorem taxes for it were assessed solely against the utility using it, the transformers were not improvements to real property under § 109. Since that test was not part of the law in Oklahoma when the district court granted summary judgment ..., the court did not consider or base its analysis on Oklahoma's ad valorem taxing scheme or the *Smith* analysis.

\*     \*     \*     \*     \*     \*

Since the record here does not cover the probable tax treatment of the base machine test, as realty or personalty, or the ownership factor as discussed in *Smith,* the record is not sufficient in its present form to decide whether the machine chest is, under Oklahoma law, an improvement to real property within the meaning of ... § 109.

*Riley,* 896 F.2d at 477 (citations omitted).

On remand, the district court stated, after consideration of the parties' submissions regarding tax treatment of the base machine test,

The plaintiff has conceded that the chest was characterized by Weyerhaeuser in 1971 and that the chest has been taxed as real property on the ad valorem tax roles [sic] of McCurtain County, Oklahoma, since 1980. The plaintiff has argued however that such designation and taxation was inappropriate and inaccurate.

The Court finds that *Smith* directs the characterization of the property as realty or personalty within the meaning of section 109 is determined by the tax status of the property and that consideration of other factors is irrelevant.

Order (August 28, 1990), *Riley v. Rust Engineering Company,* CIV–85–427–W (W.D.Okla.), Exhibit "H" to plaintiff's Brief in Support of Motion for Partial Summary Judgment, p. III–4 (footnote omitted). The district court thus found that the base ma-

chine chest was an improvement to real property within the meaning of § 109 and plaintiff's cause of action was time barred.

Neither *Smith* nor *Riley* are factually identical to the circumstances involved in this case. In *Smith*, the electrical transformer at issue was taxed as the exclusive property of the public utility supplying the electrical power. 732 P.2d at 468. Significantly, the electrical transformers had neither been purchased nor owned by the proprietor of the building where the injury occurred. *Id.* at 469. In *Riley*, after remand, it was determined that the base machine chest at issue was taxed as real property of Weyerhaeuser Company, the owner of the facility where the base machine chest was located and where the fatal injury occurred. The tax treatment of the base machine chest as real property coincided with the district court's earlier finding that the base machine chest was an integral part of the paper mill and was required for the mill to function as intended and was, therefore, an improvement to real property. In the present case, the slat conveyor is owned by Weyerhaeuser Company, the owner of the building where the injury to plaintiff occurred. However, the slat conveyor in question has been taxed as personal property of Weyerhaeuser Company and not as real property.

The plaintiffs would have the court consider only the tax treatment issue as discussed in *Smith*. However, the court finds that under the factual circumstances presented by this case, consideration of the tax treatment alone would lead to an absurd result. The court agrees with Sunds that *Smith* is distinguishable from the present case. In *Smith*, the determinative factor was not that the transformer was taxed as personal property, but that it was taxed as the personal property of someone other than the owner of the real property where it was located. The Tenth Circuit in *Riley*, acknowledged that tax treatment was not to be the sole determinative factor when it stated, "[s]ince the record here does not cover the probable tax treatment of the base machine chest, as realty or personalty, **or the ownership factor as discussed in** *Smith*, the record is not sufficient in its present form to decide whether the machine chest is, under Oklahoma law,

an improvement to real property...." 896 F.2d at 477.

Furthermore, from the descriptions provided by the parties of the conveyor that caused plaintiff's injuries, it is clear that the conveyor is similar in many ways to an elevator. In *Smith*, the Oklahoma Supreme Court distinguished cases dealing with elevators because they "stand in a vastly different position" and "may be regarded as affixed to the interior of the building...." 732 P.2d at 469. Referring to one such elevator case, *Jones v. Ohio Building Co.*, 4 Ohio Misc.2d 10, 447 N.E.2d 776 (1982), the *Smith* court noted,

... the terms "fixture" and "improvement to real property" are not synonymous, and that in defining what constitutes an improvement to real property, courts have employed two distinct conceptual approaches—a common-law fixture analysis and a common-sense interpretation of the phrase. The latter approach has been preferred since a fixture, by definition, is an improvement to real property, but an improvement need not be a real fixture; moreover, a chattel that could not qualify as a real fixture might be viewed as an "improvement to real property." *We leave unsettled by this opinion the question whether a § 109 "improvement to real property" must always meet our statutory definition of real property.*

*Smith*, 732 P.2d at 469, n. 12 (emphasis in original).

It is undisputed that here the slat conveyor itself is a part of the paper mill and is built into the floor of the paper mill. The design drawings attached to Sund's brief clearly indicate that the slat conveyor was designed to be bolted and welded into the floor. Photographs of the slat conveyor also demonstrate that the slat conveyor is built into the floor. The nature of the slat conveyor is such that it was intended to be permanently attached to the paper mill by its design.

■ As noted in *Smith*, the court in *Mullis v. Southern Company Services, Inc.*, 250 Ga. 90, 296 S.E.2d 579 (1982) applied a three-part test for assessing what constitutes an

improvement to real property. The factors included for consideration in this test are: (1) the permanence of the improvement; (2) the degree to which the improvement enhances the value of the realty and (3) the intention of the parties to make the improvement one to the realty. *Smith*, 732 P.2d at 469, n. 15. The appropriateness of personalty to the use or purpose of realty along with the intention of the party making the annexation to realty are to be considered in determining whether personalty has become a fixture under Oklahoma law. *See United Benefit Life Ins. Co. v. Norman Lumber Co.*, 484 P.2d 527 (Okla. 1971). 60 O.S. § 7 defines fixtures as follows:

> A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or embedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws.

Under either a common-law fixture analysis or a common-sense interpretation of the phrase "improvement to real property" the court determines that the slat conveyor in question constitutes an improvement to real property within the meaning of § 109. The court finds that § 109 bars plaintiffs' claims against Sunds and that Sunds is entitled to summary judgment as a matter of law on the statute of repose issue.

Plaintiffs have agreed that Sunds' motion for summary judgment insofar as it relates to plaintiffs' breach of implied warranties claim should be granted and that plaintiff Lynette O'Dell's claim is derivative of plaintiff Ray O'Dell's claim. Accordingly, plaintiffs' Motion for Partial Summary Judgment against Defendant, Sunds Defibrator, Inc. [docket no. 39] is DENIED and Defendant Sunds Defibrator's Counter Motion for Summary Judgment [docket no. 44] is GRANTED, as more fully set forth above.