**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD McVARISH,

Plaintiff-Appellant,

v.

NEW HORIZONS COMMUNITY
COUNSELING AND MENTAL
HEALTH SERVICES INC.,
a corporation,

Defendant-Appellee.

No. 98-6284
(D.C. No. 96-CV-844)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Donald McVarish appeals from summary judgment granted in favor of defendant-appellee New Horizons Community Counseling and Mental Health Services, Inc. on his claims brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-17 ("ADA"), and from a later summary judgment granted in favor of defendant on his claims brought under the Family Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA").  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review both grants of summary judgment *de novo*, applying the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure.  *See Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476 (10th Cir. 1990).  "We must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues."  *Id.*

## I.  The ADA claims

To state a prima facie case under the ADA, plaintiff must exhibit that (1) he suffers from a "disability" as defined by the statute; (2) he is a "qualified individual," i.e., that he is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment

action because of the disability. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). The ADA defines "disability" as

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [or]
>
> . . . .
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). "Major life activities" is defined as "functions such as . . . working." 29 C.F.R. § 1630.2(i). With respect to working,

> [t]he term "substantially limits" means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i).

The key question presented on appeal is whether in October 1994 plaintiff was "disabled" such that he was protected by the ADA. In his deposition, plaintiff stated that his disabilities were a "chronic heart condition," strokes that occurred in February 1995 and January 1996, and a perception by his supervisor that he had a mental impairment in June 1995. Appellant's App., McVarish Dep. at 7. It is undisputed that plaintiff suffered a heart attack in 1984 but returned to work and worked without any significant problem until July of 1994, when one of his coworkers, Mahala Ellington, was made his supervisor. He demanded her

removal as his supervisor in October of 1994 as a "reasonable accommodation" under the ADA, stating that he suffered stress under her supervision. He claims that denial of this "accommodation" was an adverse employment action in violation of the ADA. Plaintiff's brief lists other adverse employment actions as (1) a threatened termination for plaintiff's absence from a scheduled meeting in October 1994; (2) Ms. Ellington's alleged characterization of him as mentally ill in June 1995; (3) a negative evaluation; and (4) bypassing him in 1995 in decisions that had been part of plaintiff's job description. *See* Appellant's Br. at 12-13.

Plaintiff testified that, at the time he demanded Ms. Ellington's removal as his supervisor, "[g]oing to work [was] not a problem. Going to work and contacting Mahala on a daily basis and talking with her about her perceptions of my job and that kind of thing made it difficult for me." Appellant's App., McVarish Dep. at 47. He testified that defendant did not take any adverse action against him because of his physical impairments except for failing to remove Ms. Ellington as his supervisor. *See id.* at 81-82. It is undisputed that in October 1994 defendant suggested that plaintiff take twelve paid weeks off to attend a stress management program that defendant would pay for under its EAP program. Plaintiff refused this suggestion. Ms. Ellington was replaced by another person as

plaintiff's supervisor in October 1995, and plaintiff was placed on permanent disability in 1996 after his second stroke.

Plaintiff's claim that defendant perceived that he had a mental impairment such that he was a "qualified individual with a disability"as defined by the ADA is based upon the fact that in June 1995 Ms. Ellington asked a psychiatrist who worked at New Horizons for advice on how to negotiate with plaintiff and asked whether the psychiatrist thought that plaintiff, who was very angry, presented a danger to himself or to others at that time. *See* Appellant's Br. at 8-9 & Ex. 2-4.

We have carefully reviewed the record presented to the district court. For the reasons stated in the court's memorandum opinion, we agree that, as a matter of law, plaintiff has failed to demonstrate that in October 1994 he was a "disabled" individual within the meaning of the ADA. *See* Mem. Op. filed Oct. 29, 1997 at 5-8; *cf. Siemon v. AT&T Corp.*, 117 F.3d 1173, 1176 (10th Cir. 1997) (holding that plaintiff suffering from mental impairment preventing him from working under a few supervisors was not disabled under the ADA). He also failed to demonstrate that defendant regarded him as having a mental impairment that substantially limited his ability to work. As the district court noted,

> Plaintiff has presented no evidence that Defendant changed
> Plaintiff's job duties or took any other adverse employment action
> based on a perception that he suffered a mental disability.

Mem. Op. filed Oct. 29, 1997, at 8. Because plaintiff failed as a matter of law to establish that in 1994 he was an individual with a disability as defined under the statute, summary judgment was properly granted. *See Siemon*, 117 F.3d at 1175 (stating that if plaintiff suffers no "disability" as defined by the statute, employer's behavior is not actionable under the ADA).

## II. The FMLA claims

The memorandum opinion issued by the district court on June 5, 1998, fully sets out plaintiff's assertions and presents a thorough analysis and application of the relevant law. This court has reviewed the record, and, for the reasons stated in the district court's memorandum opinion, is convinced that the court properly granted summary judgment to defendant on plaintiff's FMLA claims.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED** .

Entered for the Court

Deanell Reece Tacha
Circuit Judge