**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JIMMIE BRETT WALTERS,

        Plaintiff-Appellant,

v.

MATERIALS TRANSPORTATION
COMPANY,

        Defendant-Appellee.

No. 98-6303
(D.C. No. 97-CV-1520)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jimmie Brett Walters appeals from summary judgment granted in favor of Materials Transportation Company (MTC) on his Oklahoma products liability claim. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Walters lost the fingers on his left hand in 1996 when he reached up under the safety hood of a large meat blender to distribute some ground meat as it was discharged into a tub. Although the main power switch to the blender was turned off, just before reaching under the safety hood, Walters had pushed a "jog" button that he knew temporarily started the augers for whatever period of time was necessary to completely clear the blender of residual meat. Walters was aware that the augers did not immediately stop turning after the power to the machine was shut off, but he believed that enough time had passed (between fifteen seconds and a minute) since he released the jog switch that the blades should have stopped turning. *See* Appellant's App. at 125, 127, 129. He admitted that one can see an external part of the machinery connected to the augers that rotates, indicating that the augers were still moving, but he did not notice the rotation before he put his hand under the safety hood. *See id.* at 126, 129-31. Walters apparently asserts that he did not realize the auger blades were still moving or that his fingers were getting close to the blades because his direct view of the blades was obscured by the safety hood. *See id.* at 126, 130a. There were warning stickers on the safety hood stating "Danger Keep Away" and showing a

-2-

picture of a hand with the fingers cut off, and Walters was aware of those stickers. *See id.* at 89, 130a, 133. He testified, however, that he was trained to ignore the warnings. *See id.* at 133.

The basis of Walters' products liability claim is that the absence of a brake that would immediately stop the augers from turning when no power is on created a design defect that made the blender unreasonably dangerous. Relying on the uncontroverted testimony that the danger that the augers could still be moving after a power shutoff was both obvious and generally known by Walters; that Walters knew it was dangerous to reach under the cover of the blender; that MTC provided a warning that directly addressed the danger; that if Walters had simply looked before reaching in, he would have seen that the augers were still rotating; and that nothing in the evidence suggested that the blender could not be operated safely without modifications, the district court held, as a matter of law, that Walters could not establish that the blender was unreasonably dangerous. *See* Appellant's App. at 172-75.

Walters raises three issues on appeal: (1) the district court erred in finding as a matter of law that the blender was not unreasonably dangerous; (2) the court erred in implicitly finding that Walters was a "knowledgeable user" to whom MTC owed no duty; and (3) the court erred in implicitly ruling that Walters assumed the risk of his own injury. Because the basis of the court's judgment

rests only on its legal conclusion that Walters could not establish that the blender was unreasonably dangerous, and the court did not have to find that Walters was a "knowledgeable user" in order to draw that conclusion, we address only the first claim of error. We review the grant of summary judgment *de novo*, applying the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. *See Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476 (10th Cir. 1990). "We must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues." *Id.* There is no genuine issue of fact, however, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Walters argues that the issue of whether the blender was unreasonably dangerous as designed is a jury question, and that a triable issue of fact has been presented by his evidence, including evidence that everyone who worked in his position bypassed the safety warnings because of the way the machine was designed to discharge meat into a pile instead of into an even distribution. He also points to his testimony that the safety cover actually increased the danger by obscuring the view of the augers and to MTC's president's testimony that motors could probably be purchased with electric brakes that would immediately stop

rotation when the electricity is turned off without destroying the utility of the blender, *see* Appellant's App. at 153.

Under Oklahoma law, a product is unreasonably dangerous in design only if the design "renders it less safe than expected by the ordinary consumer . . . . This is particularly true in cases . . . where the 'defect' alleged is the failure to minimize an obvious danger which is inherent in the product itself." *Lamke v. Futorian Corp.*, 709 P.2d 684, 686 (Okla. 1985). The Oklahoma Supreme Court has held that when a product is used in an industrial setting by a skilled employee, the manufacturer is entitled to assume that a professional would heed its warnings and is not required to foresee that the professional would use the product in a manner specifically warned against. *See Hutchins v. Silicone Specialties, Inc.*, 881 P.2d 64, 67 (Okla. 1993). In addition, under Oklahoma products liability law, the fact that it is possible to make a product more safe does not render its design defective; "only when a defect in the product renders it less safe than expected by the ordinary consumer will the manufacturer be held responsible." *Lamke*, 709 P.2d at 686.

This case is similar to *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770 (Okla. 1988). There, the professional truck driver/plaintiff alleged that a gas tanker trailer was unreasonably dangerous because it was not equipped with an available automatic shut-off nozzle that could have prevented the spillage that

resulted in a fire that injured him. *See id.* at 774. In holding that the trial court should have directed a verdict in favor of the tanker manufacturer on the plaintiff's products liability claim, the court noted that because there were ways to fill the tanker safely as equipped, and the overfilling of the tanker was an obvious danger of which the plaintiff was well aware, evidence that the tank could have been made safer did not establish that it was less safe than would be expected by the plaintiff. *See id.* at 775.

Similarly, in the case at bar, the evidence is undisputed that the blender may be operated safely without the modification urged by Walters if the blender operator simply does not override or ignore the safety features and warnings incorporated into the machinery. The district court properly concluded under these facts that no rational trier of fact could find that the blender was unreasonably dangerous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge
